

# THE ATTORNEY GENERAL

## OF TEXAS

**AUSTIN 11, TEXAS**

WAGGONER CARR
ATTORNEY GENERAL

August 30, 1963

Honorable William J. Burke          Opinion No. C-131
Executive Director
State Board of Control          Re:   Construction of H.B.
Austin, Texas                         86, the Appropriation
                                      Bill, regarding "other
                                      operating expenses."
Dear Mr. Burke:

          You have requested our opinion on the construction of
H.B. 86, the Appropriation Bill for the fiscal years ending
August 31, 1964-65 respectively, as regards certain items of
expenditure commonly identified as "other operating expenses."

          You state that prior to this request certain expenses
authorized as "current and recurring operating expense" by
the current Appropriation Bill and necessary to the operation
of the Board of Control have been charged to "other operating
expense," Account #28 of the Comptroller of Public Accounts'
Expenditure Classification. However, you ask if such expen-
ditures may properly continue and, if so, how they should be
accounted for in view of the following language in Section 9,
page III-89 of H.B. 86:

               "The term 'current and recurring operat-
          ing expense' as used in this Article shall
          mean and include only items set out in the
          Comptroller of Public Accounts' Expenditure
          Classification, effective September 1, 1959,
          and numbered from 20 through 26." (Emphasis
          ours).

          Your request reveals that the expenses heretofore
charged to "other operating expense" include the following:

               Advertising expenses (sales of surplus
          property, etc.); Purchase of blueprints,
          reference books, and subscriptions to trade
          publications; Pest control; Testing and re-
          charging of fire extinguishers; Laundry and
          towel service; etc.

          An examination of the Comptroller of Public Accounts'
Expenditure Classification reveals that expenses of a charac-
ter enumerated above should properly be placed in Account #28,

-652-

"other operating expense," if they are allowable expenditures. The paramount question, therefore, arises: Did the Legislature intend to eliminate all expenses not properly includable within the Accounts #20-26?

While the nature of these expenditures is one of a miscellaneous character within the scheme of the classification of expenditures, nonetheless we agree that they are expenses of a type necessary to the operation of your office. Although in some instances, such as laundry and towel service, they are minor, in others, such as the advertising expenses of sales of surplus property, these expenditures are essential in order to carry out required functions. In view of the obviously necessary nature of such items in order to properly carry out the duties and obligations imposed on the Board of Control, we are unable to conclude that the Legislature intended to exclude expenses of this nature and hold that the reference to Accounts #20-26 is erroneous.

In reaching this result, we observe that a similar provision of the previous Appropriation Bill, 57th Legislature, First Called Session, Section 11, page 163, S.B. 1, contains the identical language of the section in question except that it states "and numbered from 20-29." Also, we note in H.B. No. 86 a complete lack of any further language repudiating the use of the Comptrollers' Expenditure Classification which has been effective since September 1, 1959. In fact, the several references to such classification within H.B. 86 otherwise indicates an intent to incorporate such established classification into the Appropriation Bill for the years ending August 31, 1964-65.

We also call your attention to the rule of statutory construction set forth in 39 Tex.Jur. 186, Statutes, Section 98, which states:

> " . . . obvious errors or mistakes of
> a clerical, grammatical or typographical nature
> may be disregarded." . . . See also the cases
> there cited.

While we do not express any opinion as to the propriety of any particular item listed previously, we do conclude that the Legislature did not intend to exclude expenses of a nature enumerated above, and that they are properly "current and recurring operating expenses" which should be charged to Account #28 as defined in the Comptrollers' Expenditure Classification.

## SUMMARY

"Other operating expense" items previously charged to Account #28 of the Comptroller's Expenditure Classification are not excluded from H.B. 86, and you should continue to charge expenses of this nature to such Account.

Yours very truly,

WAGGONER CARR
Attorney General

By     *Paul Phy*

Paul Phy
Assistant

PP:mkh:ms

APPROVED:

OPINION COMMITTEE

W. V. Geppert, Chairman
John Reeves
Howard Mays
Linward Shivers
Norman Suarez

APPROVED FOR THE ATTORNEY GENERAL
By:  Stanton Stone